IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: 18-70651-JAD |
| | ) | |
| BIBI FATHEMA DOWLUT | ) | |
| AKA FATHEMA DOWLUT | ) | CHAPTER 11 |
| | ) | |
| Debtor, | ) | Related to document: 33, 35, 42 |
| | ) | |
| _____ | ) | |
| Enterprise Bank | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BIBI FATHEMA DOWLUT | ) | |
| AKA FATHEMA DOWLUT, | ) | |
| Debtor and MOHAMMAD N. | ) | |
| DOWLUT, Co-Debtor, | ) | |
| | ) | |
| Respondents. | ) | |

## CONSENT ORDER OF COURT

AND NOW, this ____ day of _____, 2019, upon consideration of the Motion for Relief from the Automatic Stay ("Motion") filed on behalf of Enterprise Bank ("Movant") and upon consent of the Debtor and Co-Debtor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Effective April 18, 2019, Movant is granted relief from the automatic stay and shall be permitted to schedule Debtor's real estate located at 1958 Reservoir Road, Hollidaysburg, PA 16648 ("Property") for the regularly scheduled September 2019 Blair County Sheriff Sale. Movant shall not issue execution on the Property until on or after April 18, 2019.

2. Debtors shall continue to pay Movant monthly adequate protection payments pursuant to Order of Court, dated December 3, 2018 on or before the 5th day

of each month. The next adequate protection is due on or before April 5, 2019.

3. Any time prior to the September 2019 Blair County Sheriff Sale, Debtor may file a Motion for Approval to refinance Enterprise Bank's indebtedness which motion shall provide for the payment of Enterprise Bank's indebtedness in full prior to the September 2019 Blair County Sheriff Sale. Movant shall not object to Debtor's motion that purports to pay Movant's entire indebtedness in full with the exception that Movant reserves the right to ensure that there are no outstanding contingencies to closing, the refinance does in fact pay Movant in full, and/or the refinance is likely to occur immediately upon Court approval.

4. Debtor may file a Chapter 11 Plan and Disclosure Statement within the applicable time frames allotted by the Court. Nothing contained herein shall act as a waiver of any of Movant's rights to object to the Plan or Disclosure on any permissible grounds. The filing of a Chapter 11 Plan or Disclosure shall not act as a stay of this Order unless otherwise ordered by the Court. Each party recognizes that in the event Debtor files a Chapter 11 Plan and Disclosure Statement within the applicable time frame, Debtor will be seeking reinstatement of the automatic stay.

5. The terms and conditions of this Order of Court shall remain in full force and effect, notwithstanding any subsequent conversion of this case to another Chapter.

6. Debtor, Co-Debtor and Movant have reviewed this Consent Order of Court with counsel and fully understand the terms and conditions hereof.

7. The evidentiary hearing scheduled on this matter for April 5, 2019 at 11:00 AM is hereby cancelled.

BY THE COURT:

_____
Jeffery A. Deller
U.S. Bankruptcy Judge

**Consented and agreed to this  29th  day of March, 2019**

Dated:  3/29/19              By:     /s/ Joseph A. Fidler
                                     Joseph A. Fidler, Esquire
                                     Pa. ID. #87325
                                     *Attorney for Movant*
                                     4091 Mount Royal Boulevard
                                     Allison Park, PA 15101
                                     (412) 487-8173

Dated:  3/29/19              By:     /s/ James R. Huff
                                     James R. Huff, II, Esquire
                                     Pa. ID. #33270
                                     *Attorney for Debtor and Co-Debtor*
                                     1701 5th Ave.
                                     Altoona, PA 16602
                                     (814) 946-4316